UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GUO ZHONG CAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00187-JPH-MJD |
| | ) | |
| MERRICK GARLAND Attorney General of the United States, | ) | |
| ANTONY BLINKEN United States Secretary of State, | ) | |
| ALEJANDRO MAYORKAS Secretary of U.S. Department of Homeland Security,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff, Guo Zhong Cao, brought this suit seeking a writ of mandamus requiring Defendant federal officials to readjudicate his application to adjust his immigration status. *See* dkt. 1. Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction. Dkt. [10]. Because Plaintiff's request is moot, this Court does not have subject-matter jurisdiction and Defendants' motion is **GRANTED**.

**I.**
**Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(1), the Court accepts the facts in the complaint as true. *Scott Air Force Base Props.,*

_____

[1] The current officers have been substituted for Attorney General William Barr, Secretary of State Mike Pompeo, and Secretary of United States Department of Homeland Security Jeh Johnson. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

*LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).  The Court also considers the immigration documents submitted by both parties, dkt. 1-2; dkt. 10-1.  *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

In 1990, after he entered the United States through Los Angeles, Plaintiff was placed in removal proceedings and paroled into the United States.  Dkt. 1 at 3–4.  In subsequent removal proceedings in 1998, he was "ordered deported from the United States as a non-arriving alien."  *Id.* at 6.

On May 6, 2019, Plaintiff—still in the United States—filed a Form I-485 "Application to Register Permanent Residence or Adjust Status" ("Application").  *Id.*  That Application was denied for lack of jurisdiction because he had been ordered deported in 1998 and was "not an arriving alien."  *Id.*

Plaintiff filed this action seeking a writ of mandamus requiring Defendants to process the Application by recognizing that he is an "arriving alien."  *Id.* at 1.  Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction.  Dkt. 10.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction.  "A case is moot, and thus falls outside of the judicial power conferred in Article III, if the outcome will no longer settle an active dispute about the parties' legal rights."  *Aljabri v. Holder*, 745 F.3d 816, 820 (7th Cir. 2014).  "The party asserting mootness

bears the burden of persuasion." *Wisc. Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (2004).  The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor.  *See Scott Air Force Base*, 548 F.3d at 519.

### III.
### Analysis

Defendants argue that this case is moot because the Application that Plaintiff seeks to have decided on the merits has already been adjudicated. Dkt. 11 at 4–6.  Plaintiff does not contest that his Application was denied, and he does not argue that any exception to the mootness doctrine applies.  Dkt. 12; dkt. 14.  Instead, he argues—on the merits—that he qualifies as an "arriving alien" and is therefore eligible for a status adjustment.  Dkt. 12; dkt. 14.

The Constitution limits federal jurisdiction "to live cases and controversies." *Aljabri*, 745 F.3d at 820 (citing U.S. CONST. art. III § 2).  "A case is moot, and thus falls outside of the judicial power conferred in Article III, if the outcome will no longer settle an active dispute about the parties' legal rights." *Id.*  The Court must dismiss a moot case without addressing the merits.  *See id.*; *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 514 (7th Cir. 2010).

Here, it is undisputed that the Application was denied.  Dkt. 10-1 at 6–7; *see* dkt. 12; dkt. 14.[2]  Plaintiff disagrees with that decision and its conclusion

---

[2] Mootness usually arises after the case begins.  *See E.F.L. v. Prim*, 986 F.3d 959, 961–62 (7th Cir. 2021).  Here, Plaintiff's Application was decided before he brought this

that he is not an "arriving alien," but the decision has been made, *see* dkt. 10-1 at 6–7; dkt. 12; dkt. 14, and it cannot be challenged in this court, *Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004) ("When a request for adjustment of status is denied there is no judicial review because the denial is one of the discretionary orders expressly made nonreviewable by § 1252(a)(2)(B)."). The requested relief therefore cannot be granted, so this case is moot. *E.F.L. v. Prim*, 986 F.3d 959, 963 (7th Cir. 2021) (finding a petition to prevent removal moot because it had been granted, so the court was "wholly unable to provide that relief"); *see Potdar v. Mukasey*, 550 F.3d 594, 598 (7th Cir. 2008) ("If, therefore, Mr. Potdar's [immigration] applications all have been considered and rejected, it would appear that our involvement in the case is at an end.").[3]

In sum, Plaintiff asks this Court to order readjudication of his Application with classification as an "arriving alien." But the Application has already been denied and this Court cannot review that denial. Dkt. 10-1 at 6–7. This case is therefore moot, so it must be dismissed for lack of subject-matter jurisdiction. *Aljabri*, 745 F.3d at 820; *Parvati Corp.*, 630 F.3d at 514.

---

action, but that does not prevent mootness. *See Holder v. Ill. Dept. of Corrs.*, 751 F.3d 486, 498 (7th Cir. 2014) (explaining that a case can be moot "from the start"); *Tara Gold Res. Corp. v. S.E.C.*, 678 F.3d 557, 559 (7th Cir. 2012) ("[W]hether litigation is moot depends on whether the judicial branch can afford relief.").

[3] Plaintiff does not contend that any exception to the mootness doctrine, such as "capable of repetition yet evading review," could apply here. *See Protestant Memorial Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006) (explaining the exception).

**IV.**
**Conclusion**

Defendants' motion to dismiss for lack of subject matter jurisdiction is

**GRANTED**.  Dkt. [10].  The **clerk shall update** Defendants to the current

officers identified in the caption.  This case is **DISMISSED without prejudice**;

final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 4/23/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GUO ZHONG CAO
6824 East Manor Drive
Terre Haute, IN 47802

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov